UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV-21449

NIDYA GARAY,

    Plaintiff,

vs.

FIRM LENDING, LLC and
JOACIM MASVIDAL,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Nidya Garay, sues Defendants, Firm Lending, LLC and Joacim Masvidal, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Nidya Garay**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Ms. Garay was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Ms. Garay was a non-exempt employee of Defendants.

4. Ms. Garay consents to participate in this lawsuit.

5. **Defendant, Firm Lending, LLC**, is a *sui juris* Florida for-profit corporation with its principal place of business and registered agent in this District and it conducts its for-profit business in Miami-Dade County.

6. **Defendant, Joacim Masvidal,** was and is an owner / officer / director of the

corporate Defendant for the relevant time period. He ran its day-to-day operations, made financial decisions for the corporate Defendant, had supervisory authority over Plaintiff, and was partially, ultimately, and/or totally responsible for paying Plaintiff's wages.

7. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d).

8. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental/pendent jurisdiction over Plaintiff's related state law claim(s).

9. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District, while Plaintiff worked in Miami-Dade County, where payment was to be received.

10. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

11. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Nidya Garay, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

12. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, sales, promotion, brokerage, and transacting of mortgage brokering/lending which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

2

13. Defendants also communicate with their workers and with others by regularly and routinely using telephones and transmitting information through email and the Internet, and which transmissions regularly and routinely traveled outside of the State of Florida.

14. Defendants maintain a website at https://thefirmlending.com which they use for promotional and informational purposes.

15. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors, mortgagors, and customers.

16. Defendant's corporate annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or exceeded $125,000.00 for each relevant fiscal quarter.

17. In particular, Defendants own and operate an mortgage brokerage regularly and routinely markets, promotes, brokers, and transacts their mortgage brokering/lending business by contacting out-of-state lenders, government agencies, banks, and customers while using toner, printers, pens, paper, furniture, phone systems machinery, appliances, telephones, computers, computer networking equipment, computer software, telephones, telephone equipment, goods and materials that also have moved through interstate commerce, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

18. Defendants regularly and routinely place and receive packages engaged in interstate commerce to conduct their business.

19. Plaintiff worked for Defendants as a "post closer" from approximately September 30, 2020 to March 17, 2021.

20. Plaintiff's job duties involved her participating in interstate commerce by processing real estate titles, contacting banks located outside of the State of Florida, sending documents for inspection, and following up with clients about paying mortgages.

21. Defendants agreed to pay Plaintiff at a rate of $20.00 per hour.

22. Plaintiff worked for Defendants out of their office.

23. Defendants controlled all job-related activities of Plaintiff.

24. Defendants coordinated all job-related activities of Plaintiff.

25. Defendants provided Plaintiff with the forms to utilize in her work.

26. Defendants supervised Plaintiff in her work.

27. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her regularly and routinely placing telephone calls and exchanging electronic information over the internet with persons and entities located outside of the State of Florida

28. Defendants failed and refused to pay Plaintiff even a minimum wage of $7.25 per hour for each of the hours that she worked by <u>failing to timely pay her</u> for the hours that she worked for Defendants from mid-February 2020 to March 17, 2020.

29. As a direct and proximate result of Defendants' violations of the FLSA, as set forth above, Plaintiff is entitled to payment of the applicable minimum wage for all unpaid hours worked.

30. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff the applicable a minimum wage for each of the hours worked from mid-February 2020 to March 17, 2020 violated the FLSA and then failed to timely correct their violation.

4

WHEREFORE Plaintiff, Nidya Garay, demands the entry of a judgment in her favor and against Defendants, Firm Lending, LLC and Joacim Masvidal, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g. Such other and further relief as the Court deems just and proper.

## COUNT II – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Nidya Garay, reincorporates and re-alleges paragraphs 1 through 11 as though set forth fully herein and further alleges as follows:

31. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, sales, promotion, brokerage, and transacting of

mortgage brokering/lending which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

32. Defendants also communicate with their workers and with others by regularly and routinely using telephones and transmitting information through email and the Internet, and which transmissions regularly and routinely traveled outside of the State of Florida.

33. Defendants maintain a website at https://thefirmlending.com which they use for promotional and informational purposes.

34. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors, mortgagors, and customers.

35. Defendant's corporate annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or exceeded $125,000.00 for each relevant fiscal quarter.

36. In particular, Defendants own and operate an mortgage brokerage regularly and routinely markets, promotes, brokers, and transacts their mortgage brokering/lending business by contacting out-of-state lenders, government agencies, banks, and customers while using toner, printers, pens, paper, furniture, phone systems machinery, appliances, telephones, computers, computer networking equipment, computer software, telephones, telephone equipment, goods and materials that also have moved through interstate commerce, and other materials and supplies that were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

37. Defendants regularly and routinely place and receive packages engaged in interstate commerce to conduct their business.

38. Plaintiff worked for Defendants as a "post closer" from approximately September 30, 2020 to March 17, 2021.

39. Plaintiff's job duties involved her participating in interstate commerce by processing real estate titles, contacting banks located outside of the State of Florida, sending documents for inspection, and following up with clients about paying mortgages.

40. Defendants agreed to pay Plaintiff at a rate of $20.00 per hour.

41. Plaintiff worked for Defendants out of their office.

42. Defendants controlled all job-related activities of Plaintiff.

43. Defendants coordinated all job-related activities of Plaintiff.

44. Defendants provided Plaintiff with the forms to utilize in her work.

45. Defendants supervised Plaintiff in her work.

46. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her regularly and routinely placing telephone calls and exchanging electronic information over the internet with persons and entities located outside of the State of Florida.

47. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

48. Defendants knew or reasonably should have known that Plaintiff worked more than 40 hours during the time he worked for them as a result of their tracking the hours he worked and then paying him at his regular rate of pay for all hours worked beyond 40 in a workweek (except for the days worked he was not paid).

49. Defendants failed and refused to pay Plaintiff at the rate of time and one-half times his regular rate of pay for all hours worked over 40 hours in a workweek.

50. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Nidya Garay, demands the entry of a judgment in her favor and against Defendants, Firm Lending, LLC and Joacim Masvidal, jointly and severally, after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g. Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## **COUNT III – BREACH OF CONTRACT**

Plaintiff, Nidya Garay, reincorporates and re-alleges paragraphs 1 through 11 as though set forth fully herein and further alleges as follows:

51. Through this claim, Plaintiff seeks recover of the "pure gap time" wages that she worked and earned, but did not receive.[1] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

52. Plaintiff and Defendants agreed that in exchange for Plaintiff expending time and effort on their behalf, they would compensate her at a rate of $20.00 for each hour that she worked for them.

53. Plaintiff performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

54. Defendants, however, failed and refused to perform its obligation to timely pay Plaintiff at the rate of $20.00 for each of work that she worked for Defendants from mid-February 2020 to March 17, 2020.

55. Plaintiff has been damaged as a result of Defendants' failure to pay her for the work she from mid-February 2020 to March 17, 2020 in a timely manner.

---

[1] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

WHEREFORE Plaintiff, Nidya Garay, demands the entry of a judgment in her favor and against Defendants, Firm Lending, LLC and Joacim Masvidal, jointly and severally, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## COUNT III – UNJUST ENRICHMENT

Plaintiff, Nidya Garay, reincorporates and re-alleges paragraphs 1 through 11 as though set forth fully herein and further alleges as follows:

56. Through this claim, Plaintiff seeks recover of the "pure gap time" wages that she worked and earned, but did not receive.[2] *See e.g.*, *Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).)

57. Plaintiff provided labor and services for Defendants, and they received and accepted the benefits of the labor and services supplied by her.

58. Plaintiff expected to be paid a reasonable value for the labor and services she provided to Defendants.

---

[2] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884 FAX 305.230.4844
*www.fairlawattorney.com*

59. Plaintiff provided services on behalf of Defendants for their business, as requested, they submitted time expended by Plaintiff in order to be paid, and they received and accepted the benefits of the work, efforts, and labor that Plaintiff provided.

60. Defendants were unjustly enriched in that they failed and refused to make payment to Plaintiff for the benefits she conferred upon them from mid-February 2020 to March 17, 2020.

WHEREFORE Plaintiff, Nidya Garay, demands the entry of a judgment in her favor and against Defendants, Firm Lending, LLC and Joacim Masvidal, jointly and severally, after trial by jury, for all damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Nidya Garay, demands a trial by jury of all issues so triable.

Respectfully submitted this 15th day of April 2021,

> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq. (174742)
> brian@fairlawattorney.com
> FAIRLAW FIRM
> 7300 N. Kendall Drive
> Suite 450
> Miami, FL 33156
> Tel:    305.230.4884
> *Counsel for Plaintiff*